On the 17th of March, 1879, the state court declared, by the order of that date, that it would proceed no further in the suit and that the suit was removed to this court. This was equivalent to saying it would not try the cause. This state of things continued until this court, by its order of May 24th, remanded the cause to the state court. Then, under the state legislature and practice, the term at which the cause could be first tried was the June term, and at or before that term the new petition for removal was filed. So far, therefore, as the question of time is concerned, the new petition was filed in time, under the act of 1875.

It is further urged that, the defendant having once removed the cause to this court, and having failed to perfect the removal by neglect to file the record in time in this court, and the cause having been remanded to the state court for that reason, the right to remove the cause has been lost, because the delay is prejudicial to the plaintiff; and that, if the right to remove is to be allowed in this case, under such circumstances, the same course might be repeated ad infinitum. That a defendant may waive his right to remove a cause is plain. Hanover Nat. Bank v. Smith [Case No. 6,035]. He ought to be held to have waived it where he has attempted to exercise it once, and has failed, by neglect, to perfect the removal, and where, to allow the subsequent removal, would make effective the delay of the cause, to the presumed prejudice of the plaintiff, for the time elapsed after the failure to perfect the removal occurred. That is the present case.

The defendant calls attention to the recent decision of the supreme court in Meyer v. Construction Co., 100 U. S. 457, and claims that, under that decision, this cause ought not to have been remanded before, and, therefore, ought to be retained here now. The supreme court, in that case, says, that it does not appear, by the statute, that the circuit court is to be deprived of its jurisdiction, if "by accident" the party is delayed until a later day than the first day of the term of the circuit court, in filing a copy of the record of the state court; and that, if the circuit court, for good cause shown, accepts the transfer after the day and during the term, its jurisdiction will, as a general rule, be complete and the removal properly effected. The affidavit of the defendant's attorney, furnished to the court on the first motion to remand, purporting to give an excuse in this case for not filing the copy of the record, on the first removal, on the first day of the April term, and to make out a case of "accident," contained the following on that subject and nothing more: "And deponent says, that, by inadvertence, during his, deponent's, absence from his office on the 7th April, instant, the record, in said cause, of the said proceeding, in the court of common pleas of the city and county of New York, in the said action, and a copy of the pleadings therein, was not filed in the court on that day, and that deponent did not discover that the same had not been filed until the 10th instant." This affidavit does not make out a case of accident. Facts are not stated from which the court can see that there was an inadvertence or an accident. The conclusion of inadvertence is sworn to. The certified copy of the petition for removal, bond, and order of removal, filed in this court on the 10th of April, was certified by the clerk of the state court on the 18th of March. No reason is shown why it was not filed here before the 7th of April, as it might have been. This court did not accept the transfer, but remanded the cause. It did so on what then appeared, and still appears, to be a proper ground. This court could not now vacate the order of May 24th, remanding the cause, on the furnishing now, by the defendant, of an affidavit showing what would have been held to be a satisfactory excuse for not having filed the first record in time, or a case of "accident." The defendant had his day in court, at that time, and the matter became res adjudicata, not to be re-opened because of any facts then existing and which might have been then shown. Moreover, the defendant has acquiesced in the former remand, and waived all right to claim that the cause is in this court under the first removal, by averring, in its second petition for removal, that the suit "is now," May 28th, 1879 (that being the day the petition was sworn to by the president of the defendant corporation), "pending in the court of common pleas for the city and county of New York," and praying for its removal from that court to this court.

The motion to remand the cause to the state court is granted, with costs.

[This order, together with that of May 24, 1879 (Case No. 8,892), was affirmed by the supreme court, on writ of error. 108 U. S. 212, 2 Sup. Ct. 498.]

---

McLEAN (SMITH v.).    See Case No. 13,074.
McLEAR (CANBY v.).    See Case No. 2,378.

---

## Case No. 8,894.

### In re McLELLAN.

[The case reported under above title in 6 Law Rep. 440, is the same as Case No. 17,887.]

---

McLELLAN (BUTLER v.).    See Case No. 2,-242.

McLELLAN (RUSSELL v.).    See Case No. 12,158.